**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| ROSALIND MITCHELL,<br><br>          Plaintiff,<br><br>     v.<br><br>JIMMY STONE and DARRELL<br>ANDREWS d/b/a OLE SCHOOL<br>TRANSPORT,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

     CIVIL ACTION NO. 5:26-cv-193 (MTT)

## <u>ORDER</u>

Before the Court is Defendants' motion to dismiss Plaintiff's claims for punitive damages and attorney's fees in Plaintiff's negligence case arising from a vehicle collision on December 11, 2025. ECF 6. Plaintiff did not respond to the motion. For the reasons set forth below, Defendants' motion (ECF 6) is **GRANTED**.

## I.     BACKGROUND[1]

Defendant Jimmy Stone drove a tractor-trailer vehicle in his capacity as an employee of Defendant Ole School Transport when he made an improper turn. ECF 5 at 5 ¶¶ 8, 13. The vehicle collided with a passenger bus and injured Plaintiff, who was a passenger. *Id.* at 5 ¶¶ 7, 8, 11. Plaintiff asserts claims for negligence against Stone and Ole School Transport and seeks punitive damages and attorney's fees. *Id.* at 5–11.

---

[1] The Court takes these facts from the complaint, construing all reasonable inferences in the light most favorable to Plaintiff. *See FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011).

## II.   STANDARD

To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp.*, 658 F.3d at 1296 (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

## III.   DISCUSSION

### A. Punitive Damages

Under Georgia law, "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire

want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). "In vehicle collision cases, punitive damages are not available if a driver merely violated a rule of the road; rather, an award of punitive damages requires that the collision result from a pattern or policy of dangerous driving, such as driving while intoxicated or speeding excessively." *Benton v. Anderson*, 295 Ga. App. 190, 190–91, 671 S.E.2d 238, 239 (2008) (citation modified); *see also Miller v. Crumbley*, 249 Ga. App. 403, 405 (2001) ("[P]unitive damages are not recoverable [in car accident cases] where the driver at fault simply violated a rule of the road.")

Here, the complaint does not plausibly allege the collision resulted from a pattern or policy of dangerous conduct. The complaint contains very few factual allegations in general. *See* ECF 5 at 4–11. It does not allege facts pertaining to Ole School Transport's policies or procedures, Stone's driving history, or the details of the collision. In support of the claim for punitive damages against Stone, the complaint asserts that "[i]n failing to implement, follow or utilize proper procedures to properly maintain the subject truck, in violation of Georgia law, Defendant STONE has demonstrated an entire want of care sufficient to raise the presumption of conscious indifference to consequences." ECF 5 at 10 ¶ 23. But the complaint does not allege any facts plausibly alleging that Stone failed to maintain his truck. *See id.* at 4–11. In support of the claim for punitive damages against Ole School Transport, the complaint alleges that "[i]n failing to implement, follow, or utilize proper procedures to evaluate and monitor Defendant STONE's qualifications for the operation of the subject truck, in violation of Georgia law, Defendant [Ole School Transport] has demonstrated an entire want of care

sufficient to raise the presumption of conscious indifference to consequences." *Id.* at 10 ¶ 22. But no factual allegations support Plaintiff's conclusory assertion that Ole School Transport failed to "properly evaluate or monitor" Stone's qualifications. Instead, the complaint merely alleges Stone made an improper turn, resulting in the collision. *Id.* at 5 ¶ 8. An improper turn is not alone sufficient to plausibly state a claim for punitive damages against Defendants.

Accordingly, Count IV is **DISMISSED without prejudice**.

## B. Attorney's Fees

Defendants also move to dismiss Plaintiff's claim for attorney's fees. ECF 6 at 6–8. Georgia law provides that "where the plaintiff has specially pleaded and has made prayer [for the expenses of litigation] and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." O.C.G.A. § 13-6-11. The complaint states that "Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff undue expense." ECF 5 at 11 ¶ 27.

The complaint does not plausibly allege bad faith. Bad faith in this context refers to "dealings out of which the cause of action arose, rather than bad faith in defending or resisting the claim after the cause of action has already arisen." *Computer Commc'ns Specialists, Inc. v. Hall*, 188 Ga. App. 545, 547, 373 S.E.2d 630, 633 (1988) (citation modified). "[T]he type of conduct in the underlying transaction that will support a claim for bad faith expenses of litigation . . . is generally indicative of intentional wrongdoing or of a reckless disregard of known harmful consequences and must be more than mere negligence." *Love v. McKnight*, 321 Ga. 196, 199, 913 S.E.2d 614, 617 (2025); *see also*

-4-

*Lewis v. D. Hays Trucking, Inc.*, 701 F. Supp.2d 1300, 1313 (N.D. Ga. 2010) ("Bad faith requires more than bad judgment or negligence, rather the statute imports a dishonest purpose or some moral obliquity and implies conscious doing of wrong and a breach of known duty through some motive of interest of ill will." (citation modified)). As discussed above, the complaint merely alleges that Stone made an improper turn. ECF 5 at 5 ¶ 8. There are no factual allegations supporting Plaintiff's assertion of bad faith.

In addition, the Court discerns no basis for Plaintiff's claim of stubborn litigiousness and excess expense. A plaintiff cannot recover attorney's fees on the basis of stubborn litigiousness or the causing of unnecessary trouble and expense pursuant to O.C.G.A. § 13-6-11 if a bona fide controversy clearly exists between the parties. *Brown v. Baker*, 197 Ga. App. 466, 468, 398 S.E.2d 797, 800 (1990) (When "the only asserted basis for a recovery of attorney's fees is either stubborn litigiousness or the causing of unnecessary trouble and expense, there is not any evidence to support an award pursuant to O.C.G.A. § 13-6-11 if a bona fide controversy clearly exists between the parties." (citation modified)). A bona fide controversy exists if the evidence shows a genuine dispute "of law or fact, on liability or amount of damages, or on any comparable issue." *Id.* at 468–69; *see also Speaks v. Eddings*, 2026 WL 473998, at *2 (N.D. Ga. Feb. 19, 2026) (dismissing a claim for attorney's fees under O.C.G.A. § 13-6-11 where the complaint showed a bona fide controversy existed as to causation and negligence). No allegations in the complaint support Plaintiff's assertion of stubborn litigiousness and excess expense. *See* ECF 5 at 4–11. Rather, as best the Court can tell based on the complaint, there is a bona fide controversy as to all of Plaintiff's negligence claims.

Consequently, Plaintiff has not stated a claim for attorney's fees on the basis of stubborn litigiousness and excess expense.

Accordingly, Count V is **DISMISSED without prejudice**.

### IV.   CONCLUSION

Defendants' motion to dismiss Plaintiff's claims for punitive damages and attorney's fees (ECF 6) is **GRANTED**. Counts IV and V are **DISMISSED without prejudice**.

**SO ORDERED**, this 29th day of June, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT